UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RODERICK BO JACKSON, )
)
    Plaintiff, )
)
v. ) Case No. CV414-250
)
TIMOTHY RUFFINI (A.D.A.), )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Citing perceived flaws and prosecutorial misconduct in state court criminal proceedings against him, Roderick Bo Jackson brings this 42 U.S.C. § 1983 case against the assistant district attorney handling his prosecution. This is one of four civil cases Jackson has commenced in this Court related to his arrest on September 30, 2013 for aggravated assault and similar charges.[1] Doc. 1. His case must be dismissed with

---

[1] In each case Jackson alleges that one or more state officials (a police detective, prosecutor and/or judge) violated his constitutional rights during the investigation and prosecution of the state criminal charges. Doc. 1 at 5; *Jackson v. Phillips*, CV415-127 (filed May 11, 2015); *Jackson v. Grogan*, CV415-79 (filed Apr. 1, 2015); *Jackson v. Grogan*, CV414-249 (filed November 17, 2014). Jackson's central claim is this: although he was properly charged with, and confessed to, the misdemeanor offense of obstruction by fleeing, he was falsely charged and prosecuted for various felony offenses (each dependent upon his possession of a firearm that he denies ever having.). Since the filing of these complaints, Jackson was tried by a jury, convicted,

prejudice, however.[2]

Here, Jackson complains that during the state court criminal proceedings an assistant district attorney violated his due process rights by citing "case law that had nothing to do with his case," obstructing his efforts to obtain discovery of evidence vital to his defense, and prosecuting him on a "false" indictment and pursuant to a defective arrest warrant. Doc. 1 at 5. Yet, he seeks no damages, only dismissal of the state criminal case. *Id.* at 6.

It is well established that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v.*

---

and sentenced in the Superior Court of Chatham County, Georgia. *See* attached criminal docket from the state court website (reflecting his sentencing on Aug. 7, 2015).

[2] As Jackson is proceeding *in forma pauperis* ("IFP"), his action is subject to immediate dismissal if the Court determines that it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2) (allowing the dismissal of IFP actions "at any time" they are determined to raise non-cognizable claims); 28 U.S.C. § 1915A (requiring early screening of all prisoner/detainee complaints against governmental entities or officials and the dismissal of non-cognizable claims).

2

*Rodriguez*, 411 U.S. 475, 489 (1973)). Thus, while § 1983's broad language seems to apply to Jackson's suit, the Supreme Court has held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500; *Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (The "sole remedy in federal court" for a prisoner seeking release due to the asserted invalidity of his confinement is a petition for writ of habeas corpus); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015). Accordingly, Jackson cannot use § 1983 to "dismiss" a state criminal case that has culminated in his conviction; only habeas corpus may be used for that purpose.

Also, the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), forbids federal courts from enjoining ongoing state criminal proceedings "except under extraordinary circumstances," where it "plainly appears" that the defendant's federally guaranteed rights will not be protected by the state courts. *Id.* at 45 (citation and internal

quotations omitted); *id.* at 46 (even an accused's showing of "irreparable injury" as a result of the state prosecution is insufficient to warrant a federal court's intervention unless the threatened injury is "both great and immediate" *and* is "one that cannot be eliminated by his defense against a single criminal prosecution") (citation and internal quotation omitted). Thus, even if Jackson's criminal case had not culminated in a conviction, he would not be entitled to injunctive relief in this Court, as he has not asserted the type of state prosecutorial abuse or harassment that would justify the extraordinary relief that he is seeking -- the outright dismissal of the state criminal proceedings. As the state court is fully capable of addressing the alleged violation of Jackson's rights, this Court would be required to abstain from exercising jurisdiction over the state criminal case that was still pending in the local superior court. *See Cole v. Rich*, 2015 WL 4774853 at * 3 (11th Cir. Aug. 14, 2015) ("Cole has pled guilty to the criminal charge at issue, has been sentenced, and thus, no matter what, is not entitled to the injunctive relief requested in this § 1983 case.").

Finally, even if Jackson amended his complaint to seek damages, he sues only his prosecutor, who is immune from suit based on his actions in handling the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent). Framing the charges, citing case law authority, and producing discovery are classic prosecutorial functions protected by absolute immunity. Hence, his § 1983 claim fails on those grounds, too.

Given the sheer frivolity of Jackson's complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving

5

plaintiff leave to amend because no amendment could have overcome the defendants' immunity).

Meanwhile, Jackson must pay his $350 filing fee. His furnished account information shows that he has had a $94.25 average monthly balance in his prison account during the past six months. Doc. 9. He therefore owes a $15.71 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from

the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.[3]

**SO REPORTED AND RECOMMENDED** this  *8th*  day of October, 2015.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Jackson is reminded that the $350 filing fees in these cases *will be collected*, however long it takes, from his prison accounts. The mere fact that he has been granted IFP status does not excuse his cumulative, $1400 fee debt; all he has been granted here is the option to pay that $1400 on § 1915's installment plan

.



# CHATHAM COUNTY, GA
## Eastern Judicial Circuit of Georgia

Home    Juvenile Court    Magistrate Court    Probate Court    Recorder's Court    State Court    Superior Court    Court Forms    Court Fees

October 08, 2015        Location: Case Details                                                        Search...

## Case Details

**State**
**VS.**
**JACKSON, RODERICK BO**

- Case Events
- Charges
- Parties
- Proceedings

### Case Information
| | |
|---|---|
| Court: | Superior |
| Case Number: | CR132650 |
| Case Type: | CRIM ATT-ARMED ROBBERY |
| Judge: | HONORABLE MICHAEL KARPF |
| Assistant District Attorney: | BOONE PHILLIPS |
| Date Filed: | 12/18/2013 |
| Status: | CLOSED - JURY GUILTY |
| Disposition Date: | 8/7/2015 |
| Disposition: | JURY GUILTY |

### Defendant Information
| | |
|---|---|
| Name: | JACKSON, RODERICK BO |
| DIN: | P0407495 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 74 |
| Weight: | 138 |
| Eyes: | BROWN |
| Hair: | BLACK |

### Attorney Information
N/A

### Bondsman Information
N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 9/29/2015 11:37:23 AM | 11:37AM | TRANSCRIPT RECEIVED | | |
| 9/29/2015 11:36:18 AM | 11:36AM | TRANSCRIPT RECEIVED | | |
| 9/15/2015 12:52:21 PM | 12:52PM | TRANSCRIPT RECEIVED | | |
| 9/11/2015 1:46:55 PM | 1:46PM | TRANSCRIPT RECEIVED | | |
| 8/7/2015 | 09:05AM | SEN | MICHAEL KARPF | |
| 7/14/2015 | 09:30AM | JURY TRIAL | MICHAEL KARPF | |
| 7/7/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | |
| 6/29/2015 | 09:35AM | MOTION HEARING (MTH) | MICHAEL KARPF | |
| 6/26/2015 | 09:05AM | MOTION HEARING (MTH) | MICHAEL KARPF | |
| 6/10/2015 12:17:40 PM | 12:17PM | TRANSCRIPT RECEIVED | | |
| 5/26/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | RESCHEDULE EVENT |
| 5/7/2015 12:53:03 PM | 12:53PM | TRANSCRIPT RECEIVED | | |
| 5/1/2015 | 09:05AM | MOTION HEARING (MTH) | MICHAEL KARPF | |
| 4/14/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | |
| 4/10/2015 | 09:05AM | MOTION HEARING (MTH) | MICHAEL KARPF | |
| 2/2/2015 | 09:30AM | JURY TRIAL | MICHAEL KARPF | |
| 1/26/2015 | 09:30AM | JURY TRIAL | MICHAEL KARPF | |
| 1/13/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | |
| 10/16/2014 | 2:31PM | ARRAIGN/TRIAL DOCKET CALL | PENNY FREESEMANN | |
| 9/2/2014 | 2:02PM | ARRAIGN/TRIAL DOCKET CALL | PENNY FREESEMANN | |
| 8/8/2014 | 2:30PM | MOTION HEARING (MTH) | PENNY FREESEMANN | |
| 6/16/2014 | 11:00AM | PRETRIAL CONFERENCE | PENNY FREESEMANN | |
| 5/8/2014 | 10:30AM | ARRAIGNMENT/CALENDAR CALL | PENNY FREESEMANN | |



| 5/5/2014 | 09:30AM | ARRAIGNMENT/CALENDAR CALL | PENNY FREESEMANN | RESCHEDULE EVENT |
|---|---|---|---|---|
| 3/11/2014 | 2:30PM | STATUS CONFERENCE HEARING | PENNY FREESEMANN | |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-10-24 | OBSTRUCTION | 1 | MISDEMEANOR | 9/30/2013 5:28:15 PM | Guilty 7/17/2015 |
| Sentencing Details: | Description | | Fine | Duration | |
| | | | $0.00 | 12 Months-PRISON | |
| 16-11-131 | POSSESS FIREARM BY CONVICTED FELON | 1 | FELONY | 9/30/2013 5:28:27 PM | Guilty 7/17/2015 |
| Sentencing Details: | Description | | Fine | Duration | |
| | CONSEC TO Count 7 | | $0.00 | 5 Years-PRISON | |
| 16-4-1 | CRIMINAL ATTEMPT | 1 | FELONY | 12/19/2013 | Not Guilty 7/17/2015 |
| 16-11-106 | POSS FIREARM/KNIFE IN COMMITTING CRIME | 1 | FELONY | 12/19/2013 | Not Guilty 7/17/2015 |
| 16-4-1 | CRIMINAL ATTEMPT | 1 | FELONY | 12/19/2013 | Not Guilty 7/17/2015 |
| 16-11-106 | POSS FIREARM/KNIFE IN COMMITTING CRIME | 1 | FELONY | 12/19/2013 | Not Guilty 7/17/2015 |
| 16-4-1 | CRIMINAL ATTEMPT | 1 | FELONY | 12/19/2013 | Guilty 7/17/2015 |
| Sentencing Details: | Description | | Fine | Duration | |
| | | | $0.00 | 10 Years-PRISON | |
| 16-11-106 | POSS FIREARM/KNIFE IN COMMITTING CRIME | 1 | FELONY | 12/19/2013 | Guilty 7/17/2015 |
| Sentencing Details: | Description | | Fine | Duration | |
| | | | $0.00 | 5 Years-PRISON | |
| 16-5-24 | AGGRAVATED BATTERY | 1 | FELONY | 12/19/2013 | Guilty 7/17/2015 |
| Sentencing Details: | Description | | Fine | Duration | |
| | | | $0.00 | 20 Years-PRISON | |

[Return to Top]

### Proceedings

| | | | | | |
|---|---|---|---|---|---|
| 9/29/2015 11:37:23 AM | 11:37AM | TRANSCRIPT RECEIVED | | | 07/14-17/15 MASTER INDEX TO JURY TRIAL TRANSCRIPT, JUDGE KARPF PRESIDING |
| 9/29/2015 11:36:18 AM | 11:36AM | TRANSCRIPT RECEIVED | | | 07/14-17/15 VOLUME 2, JURY TRIAL TRANSCRIPT, JUDGE KARPF PRESIDING |
| 9/29/2015 | | PRO SE MOTION | | MICHAEL KARPF | MTN FOR EXTENSION OF TIME TO FILE TRANSCRIPTS/ |
| 9/16/2015 | | MEMORANDUM | | | |
| 9/15/2015 12:52:21 PM | 12:52PM | TRANSCRIPT RECEIVED | | | 07/14-17/15 VOLUME 1, JURY TRIAL TRANSCRIPT, JUDGE KARPF PRESIDING |
| 9/11/2015 1:46:55 PM | 1:46PM | TRANSCRIPT RECEIVED | | | 08-07-15 SENTENCING HEARING, JUDGE KARPF PRESIDING |
| 8/28/2015 | | PRO SE MOTION | | | MTN FOR EXTENSION OF TIME TO FILE TRANSCRIPT/ |
| 8/25/2015 | | PRO SE MOTION | | MICHAEL KARPF | MTN FOR NEW TRIAL/ |
| 8/21/2015 | | VERDICT | | | |
| 8/12/2015 | | PRO SE LETTER RECEIVED | | | REQUEST GRAND JURY TRANSCRIPTS/ |
| 8/7/2015 | | EXHIBIT & WITNESS LIST | | | |
| 8/7/2015 | | STATEMENT OF APPEAL | | | |
| 8/7/2015 | | CASE DISPOSED | GUILTY | MICHAEL KARPF | CASE DISPOSED GT |
| 8/7/2015 | 09:05AM | SEN | | MICHAEL KARPF | |
| 7/17/2015 | | VERDICT | | | RECEIPT FOR EVIDENCE/EXHIBIT AND WITNESS LIST/ |

| Date | Time | Event | | Judge | Description |
|---|---|---|---|---|---|
| 7/15/2015 | | PRO SE MOTION | | MICHAEL KARPF | MTN TO QUASH INCITMENT/ |
| 7/15/2015 | | STATE"S JURY CHARGES | | | DEF REQ TO CHARGE/PET FOR USE IMMUNITY FOR WITNESS/ORDER GRANTING USE IMMUNITY TO WITNESS-KEVIN GROGAN/ |
| 7/14/2015 | 09:30AM | JURY TRIAL | | MICHAEL KARPF | |
| 7/10/2015 | | ENTRY OF APPEARANCE | | | ASSISTING PRO SE DEF-THOMAS BATESKI |
| 7/9/2015 | | LIST OF WITNESSES | | | |
| 7/7/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | | MICHAEL KARPF | |
| 7/2/2015 | | STATES SUPPLEMENTAL DISCOVERY | | | NTC OF RECIDIVIST PROSECUTION/NTC OF INTENT TO INTRO EVIDENCE IN AGGRAVATION/NTC OF INTENT TO IMPEACH WITH PRIOR CONVICTION/LIST OF WITNESSES/NTC OF STATE INTENTION TO OFFER RECORDED JAIL VISITS INTO EVIDENCE/ |
| 6/29/2015 | | EXHIBIT & WITNESS LIST | | | |
| 6/29/2015 | | LIST OF WITNESSES | | | |
| 6/29/2015 | | NOTICE - OF INTENT | | | BY STATE TO OFFER 911 CALL AND POLICE RADIO TRAFFIC INTO EVIDENCE UNDER OCGA 24-8-803/24-9-902 |
| 6/29/2015 | | LIST OF WITNESSES | | | |
| 6/29/2015 | 09:35AM | MOTION HEARING (MTH) | | MICHAEL KARPF | |
| 6/26/2015 | 09:05AM | MOTION HEARING (MTH) | | MICHAEL KARPF | |
| 6/10/2015 12:17:40 PM | 12:17PM | TRANSCRIPT RECEIVED | | | 05-01-15 MOTION HEARING, JUDGE KARPF PRESIDING |
| 6/10/2015 | | PRO SE MOTION | | | MTN RESERVING THE RIGHT TO FILE ADDITIONAL MTNS/ |
| 5/29/2015 | | SPECIAL DEMURRER | | | MY STATEMENT OF INNOCENCE/ |
| 5/28/2015 | | PRO SE MOTION | | | MTN FOR DISCLOSURE OF IMPEACHING INFO/ |
| 5/26/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | RESCHEDULE EVENT | MICHAEL KARPF | |
| 5/8/2015 | | PRO SE MOTION | | | MTN FOR DISCLOSURE OF SIMILAR OR EXTRINSIC ACT EVIDENCE AND FOR A PRETRIAL HEARING TO DETERMINE THE AMISSIBILITY OF ANY ACTS ALLEGED BY THE STATE TO BE SIMILAR TRANSACTION/ |
| 5/7/2015 12:53:03 PM | 12:53PM | TRANSCRIPT RECEIVED | | | 04-14-15 JURY DOCKET REVIEW, JUDGE KARPF PRESIDING |
| 5/4/2015 | | ORDER | | | MTN TO SUPPRESS-DENIED/MTN TO CONTINUE-GRANTED/MTN TO DEMURRER-DENIED/ |
| 5/1/2015 | 09:05AM | MOTION HEARING (MTH) | | MICHAEL KARPF | |
| 4/29/2015 | | PRO SE MOTION | | | CONSOLIDATED MTNS PKG/ |
| 4/27/2015 | | PRO SE LETTER RECEIVED | | | |
| 4/23/2015 | | PRO SE MOTION | | | MTN TO ACT PRO SE WITH ASSISTANCE OF COUNSEL/ |
| 4/21/2015 | | PRO SE MOTION | | | MTN TO SUPPRESS/ |
| 4/20/2015 | | PRO SE MOTION | | | MTN TO COMPEL/MTN FOR EXTENSION OF TIME TO PREPARE TRIAL DEFENSE/ |
| 4/14/2015 | | PRO SE MOTION | | | SPECIAL DEMURRER AND MTN TO DISMISS THE INDICTMENT/ |
| 4/14/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | | MICHAEL KARPF | |
| 4/10/2015 | 09:05AM | MOTION HEARING (MTH) | | MICHAEL KARPF | |
| 4/9/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |

| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 3/20/2015 | | ORDER | | | MTN TO WITHDRAW ATTY SOLOMON AMUSAN-GRANTED/ |
| 3/11/2015 | | MOTION - TO WITHDRAW ATTY | | | S0OLOMON AMUSAN/ |
| 3/2/2015 | | PRO SE LETTER RECEIVED | | | |
| 2/2/2015 | 09:30AM | JURY TRIAL | | MICHAEL KARPF | |
| 1/30/2015 | | STATES SUPPLEMENTAL DISCOVERY | | | |
| 1/28/2015 | | LIST OF WITNESSES | | | |
| 1/26/2015 | | MOTION - IN LIMINE | | | TO EXCLUDE THE USE OF THE PREJUDICIAL TERM VICTIM/MTN IN LIMINE/ |
| 1/26/2015 | 09:30AM | JURY TRIAL | | MICHAEL KARPF | |
| 1/20/2015 | | LIST OF WITNESSES | | | |
| 1/20/2015 | | NOTICE TO CLERK OF SUPERIOR COURT | | | |
| 1/13/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | | MICHAEL KARPF | |
| 12/4/2014 | | ORDER | | | OMNIBUS ORDER/ STATE"S MOTION TO DISMISS MOTION TO SUPPRESS - GRANTED DEFENDANT"S JACKSON-DENNO MOTION AND STATE"S MOTION IN LIMINE REGARDING SELF-SERVING STATEMENTS - GRANTS/ DEFENDANT"S MOTION TO SUPPRESS IDENTIFICATION - DENIED/ STATES 404(B) MOTION - GRANTED/ |
| 10/23/2014 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 10/16/2014 | 2:31PM | ARRAIGN/TRIAL DOCKET CALL | | PENNY FREESEMANN | |
| 9/5/2014 | | TRANSCRIPT RECEIVED | | | MOTIONS HEARING AUGUST 8,2014 |
| 9/2/2014 | 2:02PM | ARRAIGN/TRIAL DOCKET CALL | | PENNY FREESEMANN | |
| 8/20/2014 | | BRIEF | | | STATE"S BRIEF IN SUPPORT OF ADMISSIONS OF TRANSACTIONS PROFFERED (404)B/ |
| 8/12/2014 | | STATES DISC RESTRICTED ACCESS 35-3-38 | | | PURSUANT TO O.C.G.A.§35-6-38/ |
| 8/8/2014 | | EXHIBIT & WITNESS LIST | | | |
| 8/8/2014 | | MOTION - IN LIMINE | GRANTED | | REGARDING SELF SERVING STATEMENTS/ |
| 8/8/2014 | 2:30PM | MOTION HEARING (MTH) | | PENNY FREESEMANN | |
| 7/28/2014 | | LIST OF WITNESSES | | | |
| 7/21/2014 | | ORDER | | | ORDER ON DEF MOTION FOR EXTENSION OF TIME TO FILE ADD MOTIONS-GRANTED/ |
| 7/15/2014 | | MOTION | GRANTED | | MOTION FOR EXTENSION OF TIME TO FILE ADDITIONAL MOTIONS/ |
| 7/8/2014 | | STATES SUPPLEMENTAL DISCOVERY | | | AMENDED/ |
| 7/8/2014 | | NOTICE OF TRANSACTIONS PUR OCGA 24-4-404(B) | GRANTED | | |
| 7/1/2014 | | STATES DISC RESTRICTED ACCESS 35-3-38 | | | SEALED RECORDS/ |
| 6/27/2014 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 6/16/2014 | | PRETRIAL CONF SCHED ORDER | | | |
| 6/16/2014 | 11:00AM | PRETRIAL CONFERENCE | | PENNY FREESEMANN | |
| 5/20/2014 | | ORDER | | | ORDER ON DEFENDANT"S PRO SE MOTION (1) JANUARY 15, 2014, DEMURRER AND MOTION TO DISMISS THE INDICTMENT (2) JANUARY 15, 2014 MOTION TO COMPEL - DISMISSED/ |

| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 5/8/2014 | 10:30AM | ARRAIGNMENT/CALENDAR CALL | | PENNY FREESEMANN | |
| 5/5/2014 | 09:30AM | ARRAIGNMENT/CALENDAR CALL | RESCHEDULE EVENT | PENNY FREESEMANN | |
| 4/7/2014 | | CONSOLIDATED MOTIONS PACKAGE | | | DEFENDANT"S DISCOVERY REQUEST AND NOTICE OF DEFENDANT"S ELECTION TO PROCEED/ |
| 4/7/2014 | | DEFENDANTS ELECTION TO PROCEED UNDER OCGA 17-16-1 | | | |
| 3/14/2014 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 3/11/2014 | 2:30PM | STATUS CONFERENCE HEARING | | PENNY FREESEMANN | |
| 1/15/2014 | | PRO SE MOTION | DISMISSED | | MOTION TO COMPEL/ |
| 1/15/2014 | | PRO SE MOTION | DISMISSED | | DEMURRER AND MOTION TO DISMISS THE INDICTMENT/ |
| 1/10/2014 | | CONSOLIDATED MOTIONS PACKAGE | | | |
| 12/31/2013 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 12/19/2013 10:54:09 AM | | SCN | | | INITIAL CASE SCREENING / SCANNING |
| 12/18/2013 | | INDICTMENT | | | |

[Return to Top]

Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees

© Copyright 2015 - Chatham County Courts

5 of 5

10/8/2015 2:24 PM